William P. Cole, Bar No. 186772
wcole@calljensen.com
Matthew R. Orr, Bar No. 211097
morr@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Plaintiff U.G.A. Nutraceuticals, S.r.l.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

U.G.A. NUTRACEUTICALS, S.r.l.,

Plaintiff,

vs.

DAVID MCMAHON, d/b/a SOLANA HEALTH,

Defendant.

Case No. '17CV427 CAB MDD

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND UNFAIR COMPETITION**

**[JURY TRIAL DEMANDED]**

Plaintiff, U.G.A. Nutraceuticals S.r.l. ("U.G.A."), by and through its undersigned attorneys, for its complaint against Defendant, alleges as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement, false advertising and other relief arising under federal law, specifically including 15 U.S.C. § 1125, as well as the Cal. Bus. & Prof. Code.

## THE PARTIES

2. U.G.A. is a limited liability company duly organized and existing under the laws of Italy, with offices and a principal place of business located at via Dell'Arboreto, 62 – 06024 Gubbio (PG), Italy.

3. Upon information and belief, Defendant David McMahon ("Defendant") is an individual who resides in Solana Beach, California and who operates a Sole Proprietorship that does business as Solana Health.

4. Defendant was an exclusive distributor of nutritional supplement products in the U.S. for U.G.A. Defendant also manufactures and sells his own line of nutritional supplements which compete with U.G.A.'s products. Therefore, U.G.A. and Defendant are competitors.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1125. The Court also has supplemental jurisdiction, pursuant to 1338(b) and 1367(a), over U.G.A.'s claims that arise under the laws of the State of California.

6. This Court has personal jurisdiction over the parties to this action because (i) U.G.A's claims arise out of conduct taking place within this judicial district, and (ii) each party does business and/or resides in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district, each party does business in this judicial district, witnesses and evidence are located within this judicial district, and some of the acts complained of herein have taken place in this judicial district.

## THE PRODUCTS AND THE PARTIES' RELATIONSHIP

8. For many years, U.G.A. has marketed and sold a popular fish oil nutritional supplement under the OMEGOR™ brand name and trademark. Once such product is called OMEGOR™ VITALITY.

CALL & JENSEN EST. 1981

9. U.G.A. is also known by its company trademark, U.G.A. NUTRACEUTICALS.

10. U.G.A. initially marketed and sold OMEGOR™ VITALITY internationally, in countries such as Italy, Spain and Greece. By virtue of that use, the U.G.A. NUTRACEUTICALS, OMEGOR™ VITALITY and the OMEGOR™ trademarks became very well-known and closely associated throughout the world with U.G.A.

11. Soon after, U.G.A. began selling OMEGOR™ VITALITY (and using the U.G.A. NUTRACEUTICALS, OMEGOR™ VITALITY and the OMEGOR™ trademarks) in the United States.

12. In 2010, U.G.A. hired Defendant to serve as its exclusive U.S. distributor of the OMEGOR™ VITALITY product.

13. Pursuant to the 2010 Distribution Agreement, U.G.A. manufactures the OMEGOR™ VITALITY product into a gel capsule form, packages the capsules in foil blister packs, and exports the product to the U.S. for final packaging and sale by Defendant. The following image is a photo of U.G.A.'s OMEGOR™ VITALITY foil blister packs which are exported to Defendant for placement in the final outer box packaging:



14. Upon receipt of the product, Defendant uses artwork provided by U.G.A. to print the outer box packaging. Defendant is then required to package the OMEGOR™ VITALITY foil blister packs into the outer box packaging for marketing and re-sale.

15. The outer box packaging that Defendant uses prominently displays the OMEGOR™ VITALITY trademark(s). The outer box also prominently displays the U.G.A. Nutraceuticals company name and trademark, and an acknowledgement that the foregoing trademarks belong to U.G.A. The outer box packaging also indicates that the product inside is "made in Italy." The following images show photographs of the outer box packaging:




/ / /

/ / /

/ / /

/ / /

/ / /









CALL & JENSEN EST. 1981

**PLAINTIFF IS WILLFULLY INFRINGING U.G.A.'S TRADEMARK AND DECEIVING RETAILERS AND CONSUMERS**

16. Recently, Defendant began sourcing, manufacturing and/or marketing his own line of fish oil nutritional supplements, which competes with U.G.A.'s OMEGOR™ VITALITY product.

17. Upon information and belief, Defendant's fish oil is sourced from Norway and is inferior in quality to U.G.A.'s OMEGOR™ VITALITY product.

18. Defendant's competing product is called OMEGA TG-3.

19. Like U.G.A.'s OMEGOR™ VITALITY, Defendant's OMEGA TG-3 product is manufactured into a gel capsule form and packaged in foil blister packs.

20. Defendant prints U.G.A.'s OMEGOR™ VITALITY outer box packaging, and inserts his OMEGA TG-3 product into those boxes instead of U.G.A.'s OMEGOR™ VITALITY. The following image is a photograph of the OMEGA TG-3 product blister packs that Defendant places in U.G.A.'s OMEGOR™ VITALITY outer packaging boxes:




21. Defendant advertises his product as OMEGOR™ VITALITY, showing images on his website of U.G.A.'s OMEGOR™ VITALITY outer packaging to entice

CALL & JENSEN EST. 1981

retailers and consumers to purchase the product. Defendant represents his product to retailers and consumers as OMEGOR™ VITALITY from U.G.A.

22. Defendant markets and sells his counterfeit OMEGOR™ VITALITY product to consumers as well as retailers and health practitioners (who in turn sell the product to their customers and/or patients).

23. Retailers, health practitioners and consumers believe they are purchasing OMEGOR™ VITALITY by "U.G.A. Nutraceuticals" which is "made in Italy" because that's what Defendant advertises, and that's what Defendant's outer box packaging says.

24. In fact, those retailers, health practitioners and consumers are purchasing OMEGA TG-3 product of an unknown origin.

## COUNT ONE

**(Trademark Infringement, § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

25. U.G.A. incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. U.G.A. is the owner of the trademarks OMEGOR™, OMEGOR VITALITY™, and U.G.A. in connection with nutritional supplements, namely fish oil supplements (hereafter referred to as the U.G.A. "Trademark(s)").

27. U.G.A. has for many years used the U.G.A. Trademarks in commerce throughout the world, including without limitation, throughout the U.S. and the state of California. U.G.A. has priority over Defendant as to any claim of right to use the U.G.A. Trademarks.

28. In fact, Defendant has no valid claim of rights to any of the U.G.A. Trademarks. Pursuant to the Exclusive Distribution Agreement between the Parties, all use of the U.G.A. Trademarks by Defendant inures to the benefit of U.G.A.

29. Without U.G.A.'s knowledge or consent, Defendant is using the U.G.A. Trademarks in interstate commerce in connection with the sale of a competing nutritional supplement product. Defendant is fraudulently and surreptitiously printing



CALL & JENSEN EST. 1981

U.G.A. boxes and filling them with Defendant's own inferior, unverified and un-tested fish oil product.

30. Defendant's unapproved use of the U.G.A. Trademarks in connection with his own competing goods and commercial activities is in bad faith and in willful disregard of U.G.A.'s rights, with intent to confuse consumers, and trade on and misappropriate the reputation and goodwill that U.G.A. has built up in the U.G.A. Trademarks.

31. Retailers who intended to purchase, and believed they were purchasing, U.G.A.'s OMEGOR™ VITALITY product have actually been confused, deceived and mislead by Defendant's conduct.

32. Because U.G.A. has no way of asserting quality control over the source, manufacture, potency, purity, efficacy or quality of the products Defendant is placing in U.G.A.'s boxes (bearing U.G.A's Trademarks), the aforementioned activities have caused and will continue to cause damage and irreparable harm and injury to U.G.A. unless and until they are enjoined by this Court.

33. In addition, U.G.A. has no way of monitoring or confirming the safety of the product that Defendant is placing into U.G.A.'s OMEGOR™ VITALITY boxes. Because the product at issue in this case is taken for health reasons, and often prescribed by a consumer's physician, Defendant's conduct in this case has significant public health and safety implications. Any defect in (or harm caused by) Defendant's product will be attributed to U.G.A. because U.G.A. is represented as the manufacturer of the products. Therefore the injury (and threat of injury) caused by Defendant's conduct is worsening every day.

34. As a result of Defendant's conduct, U.G.A. has been, and continues to be irreparably harmed by a loss of goodwill, sales and control over the safety and quality of its products.

35. Unless enjoined by this Court, Defendant will continue the foregoing activities.

**COUNT TWO**

**(False Advertising Under 15 U.S.C. § 1125(a))**

36. U.G.A. incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. Defendant has made and distributed in interstate commerce and in this District advertising that contains false and misleading statements of fact regarding its products. These advertisements contain actual misrepresentations and/or misleading statements concerning the quality and source of Defendant's products, namely that said products are made in Italy, and that they are manufactured by U.G.A.

38. Defendant's statements actually deceive, or have a tendency to deceive, a substantial segment of its customers. This deception is material, in that it concerns the inherent nature, quality, characteristics, safety and origin of Defendant's product.

39. Defendant's false and deceptive statements are likely to influence purchasing decisions of its customers (the retailers), as well as individual consumers who purchase the products.

40. Defendant's false and misleading advertising statements and omissions injure U.G.A. by diverting sales to Defendant rather than U.G.A. Moreover, because Defendant is using an inferior, and upon information and belief less expensive, fish oil product, Defendant is receiving additional profits to which it is not entitled.

41. Defendant's false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant has caused, and will continue to cause, immediate and irreparable injury to U.G.A., including injury to U.G.A.'s business, reputation and goodwill, for which there is no adequate remedy at law.

43. Unless enjoined, Defendant intends to continue the aforementioned conduct.

/ / /

/ / /

## COUNT THREE

**(False Advertising Under Cal. Bus. & Prof. Code § 17500 *et seq.*)**

44. U.G.A. incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. By advertising and packaging its own OMEGA TG-3 product as U.G.A.'s OMEGOR™ VITALITY, manufactured by "U.G.A. Nutraceuticals" and "made in Italy", Defendant has placed false and misleading statements, representations and advertisements in the State of California misrepresenting the nature, quality, origin and characteristics of his products.

46. Defendant knows, and at all times knew, that his statements were false and misleading.

47. Defendant's false and/or misleading advertisements are likely to deceive, and have deceived, the public into believing they were purchasing OMEGOR™ VITALITY, manufactured by "U.G.A. Nutraceuticals" and "made in Italy."

48. Defendant acted willfully and with the intent of misleading consumers and usurping the goodwill and name-recognition of U.G.A. and its Trademarks.

49. As a result of Defendant's conduct, U.G.A. has been, and continues to be harmed by a loss of sales and goodwill.

50. Unless enjoined by this Court, Defendant will continue the foregoing activities.

## COUNT FOUR

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*)**

51. U.G.A. incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. By advertising and packaging its own OMEGA TG-3 product as U.G.A.'s OMEGOR™ VITALITY, manufactured by "U.G.A. Nutraceuticals" and "made in Italy", Defendant has placed false and misleading statements, representations and

advertisements in the State of California misrepresenting the nature, quality, origin and characteristics of his products in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

53. Defendant's unlawful, unfair, fraudulent and/or deceptive acts present a continuing threat to U.G.A. and the members of the public.

54. Defendant has used the unfair conduct described above for his own financial gain and to U.G.A.'s detriment.

55. As a result of Defendant's unfair or deceptive practices, U.G.A. has suffered and will continue to suffer serious harm.

## PRAYER FOR RELIEF

WHEREFORE, U.G.A. respectfully requests that this Court grant relief and judgment in its favor and against Defendant David McMahon providing such relief as follows:

A. An Order finding that Defendant's use of the U.G.A. Trademarks (alone or in combination) is likely to cause confusion or mistake among consumers, including initial interest confusion, or to deceive consumers, as to the source of such goods, in violation of the Lanham Act;

B. An Order declaring Defendant's conduct to be willful;

C. An Order finding that Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1125(a) as well as False Advertising in violation of Cal. Bus. & Prof. Code § 17500 *et seq*. and Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.;

D. An Order that U.G.A. is entitled to recover from Defendant the damages sustained by U.G.A. as a result of Defendant's acts in violation of 15 U.S.C. § 1117, 15 § 1125(a), Cal. Bus. & Prof. Code § 17500 *et seq*. and Cal. Bus. & Prof. Code § 17200 *et seq*.;

E. An Order issuing an injunction under 15 U.S.C. § 1116 preliminarily and permanently enjoining and restraining Defendant, as well as his agents, employees and representatives, and all persons acting in concert with Defendant, from engaging in

future acts of infringement, false advertising or unfair competition, and ordering removal from commerce and destruction of all marketing, advertising and packaging bearing any of the U.G.A. Trademarks;

F. An Order requiring Defendant to pay U.G.A. for all gains, profits, savings, and advantages obtained as a result of its infringement, false advertising and unfair competition and to disgorge to U.G.A. all restitution in the amount of such gains, profits, savings and advantages;

G. An Order requiring Defendant to publish corrective advertising sufficient to alert any customer who purchased Defendant's product in a U.G.A. box that they did not receive a genuine U.G.A. product;

H. An Order finding that this is an exceptional case under the Lanham Act;

I. An award of U.G.A.'s costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; all appropriate punitive, statutory and general damages arising from the unlawful conduct described above; and any such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff U.G.A. hereby demands a trial by jury.

Dated: March 3, 2017

CALL & JENSEN
A Professional Corporation
William P. Cole
Matthew R. Orr

By: */s/ Matthew R. Orr*
Matthew R. Orr

Attorneys for Plaintiff U.G.A. Nutraceuticals, S.r.l.

CALL & JENSEN EST. 1981